| | |
|---|---|
| THE NORTH WEST AMEXEM, FEZ PROVINCE et al., | : UNITED STATES DISTRICT COURT<br>: EASTERN DISTRICT OF<br>: PENNSYLVANIA |
| Plaintiffs, | : |
| v. | : THE HONORABLE<br>: PAUL S. DIAMOND |
| ROBERT H. WISE d/b/a ROBERT H. WISE MANAGEMENT OCMPNAY, INC. & PRESIDENT/CEO, DONNA M. WISE d/b/a VICE PRESIDENT, JUDITH A. OWENS d/b/a SECRETARY, AND ROBERT M. STANGO d/b/a TREASURER | : Civil Action No. 15-3606 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, ROBERT H. WISE, D/B/A ROBERT H. WISE MANAGEMENT COMPANY, INC. & PRESIDENT/CEO, DONNA M. WISE D/B/A VICE PRESIDENT, JUDITH A. OWENS D/B/A SECRETARY, AND ROBERT M. STANGO D/B/A TREASURER'S MOTION TO DISMISS PLAINTIFFS' AMENDED CLAIM

Defendants Robert H. Wise, d/b/a Robert H. Wise Management Company, Inc. & President/CEO, Donna M. Wise d/b/a Vice President, Judith A. Owens d/b/a Secretary, and Robert M. Stango d/b/a Treasurer (hereinafter "Moving Defendants"), Deasey, Mahoney & Valentini, respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the Plaintiffs' Amended Claim.

**I.   INTRODUCTION**

Plaintiffs bring the instant action against the above named defendants as it relates to their arrest. Plaintiffs allege violations of Racketeer Influenced And Corrupt Organizations Act, Constitution of the United States, United States Code, Zodiac Constitution, International Treaty of Peace and Friendship of 1836 A.D., Treaty of Tripoli, United Nations Rights of Indigenous Peoples, and United Nations Declaration of Human Rights as well as alleged Conspiracy, Defamation, Libel, Slander Invasion of Privacy, and Intentional Breach of Fiduciary Trust.

However, as set forth herein, all of Plaintiffs' claims fail as a matters of law and must be dismissed.

## II. STATEMENT OF THE CASE

On May 18, 2015, Plaintiff R. Lynn Hatshepsut Ma'atKare El was allegedly locked out of her home, located at 429 13th Street, Philadelphia, PA. At that time, Moving Defendants was the management company for the property. The police were called to the scene and arrested Plaintiff R. Lynn Hatshepsut Ma'atKare El as well as Plaintiffs Delila Passe El, Nanya Amir El and Heru Atum Ra El. Plaintiffs claim various violations of federal law and other laws on the basis of their arrests and how they were treated thereafter as well as on the basis of an article published by the Philadelphia Daily News regarding the hearing for their criminal charges.

## III. STATEMENT OF QUESTIONS PRESENTED

A. Should Plaintiffs' claims for violations of the Racketeer Influenced and Corrupt Organizations Act, United States Constitution and United States Code against Moving Defendants be dismissed under Fed. R. Civ. P. 12(b)(6) where there are no allegations establishing that Moving Defendants are a state actor?

Suggested Answer:  Yes.

B. Should Plaintiffs' claims for violations of the Zodiac Constitution, International Treaty of Peace and Friendship of 1836 A.D., Treaty of Tripoli, United Nations Rights of Indigenous Peoples, and United Nations Declaration of Human Rights be dismissed under Fed. R. Civ. P. 12(b)(6) where Moving Defendants are not a part of the Moorish National nor otherwise are legally bound to any of the provisions of the Zodiac Constitution, the International Treaty of Peace and Friendship of 1836 A.D., the Treaty of Tripoli, the United Nations Rights of Indigenous Peoples?

Suggested Answer: Yes.

C. Should Plaintiffs' claims for Constitutional conspiracy against Moving be dismissed under Fed. R. Civ. P. 12(b)(6) where the Amended Claim does not provide sufficient factual support for such a claim?

Suggested Answer: Yes.

D. Should Plaintiffs' claims for Defamation, Libel and Slander as well as Invasion of Privacy be dismissed under Fed. R. Civ. P. 12(b)(6) where there are no allegations that Moving Defendants were involved in the conduct supporting those claims?

Suggested Answer: Yes.

E. Should Plaintiffs' claims for Intentional Breach of Fiduciary Trust be dismissed under Fed. R. Civ. P. 12(b)(6) where there are no allegations of a fiduciary relationship between Moving Defendants and Plaintiffs?

Suggested Answer: Yes.

F. Alternatively, should Plaintiffs' Amended Claim be dismissed for lack of specificity under Fed. R. Civ. P. 12(e) where there is no mention of Moving Defendants involvement of any of the allegations?

Suggested Answer: Yes.

IV. **STANDARD OF REVIEW**

Pursuant to Rule 12(b)(6), a complaint may be dismissed in whole or in part if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The moving party bears the burden of proving that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir.2005). Dismissal is appropriate if, accepting all of the facts alleged in the complaint as true, the plaintiff failed to plead "enough facts to state a claim to relief that is

plausible on its face." Twombly, 550 U.S. at 570. In order to satisfy federal pleading requirements, the Complaint must provide the grounds for plaintiff's entitlement to relief, which necessitates more than just labels and conclusions. Phillips v, 515 F.3d at 231.

Generally, pro se complaints are liberally construed and pro se plaintiffs are held to a less stringent standard then an attorney. Erickson, 551 US at 94. However, the United States Court of Appeals for the Third Circuit has specifically held that to survive a motion to dismiss, even a pro se complaint "must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Thakar, No. 09-2084, 2010 U.S. App., Lexis 6218 at *5.

Applying the foregoing standard to the present case, Moving Defendants assert that they are entitled to judgment in their favor as a matter of law.

V. **ARGUMENT**

    A. **Plaintiffs Fail To State A Claim For Violations Of The Racketeer Influenced And Corrupt Organizations Act, The United States Constitution And The United States Code.**

In order to claim deprivation of a federal right- such as those found within the Racketeer Influenced and Corrupt Organizations Act, United States Constitution and the United States Code- the alleged conduct must be "fairly attributable to the State." Lugar, 457 U.S. at 937. This is established where (1) the deprivation is caused by state action and (2) the party charged with causing the deprivation is considered a "state actor". See Id. at 931-32, 937. Generally, a private entity is not a state actor unless it is "a willful participant in joint action with the State or its agents." See Adickes, 398 U.S. at 152; Dirocco, 655 F. Supp. at 596. However, to establish the requisite level of joint participation and collaboration, a plaintiff must evidence a pre-arranged plan between the State and the private entity by which the State substituted the judgment of the private entity for its own official authority. Cruz, 727 F.2d at 80. Merely calling the police,

furnishing information to the police, or communicating with a state official does not rise to the level of joint action necessary to transform a private entity into a state actor. See, e.g., Moore, 754 F.2d at 1352-53 (private entity who simply reported customers to police was not state actor); Dirocco, 655 F. Supp. at 598 (private entity merely assisted police in investigating suspected shoplifter was not state actor).

Here, Moving Defendants, as a property management company, are a private entity. Plaintiffs have not set forth any allegations that Moving Defendant were a willful participant in any joint action with the State or its agents. In fact, nowhere in Plaintiffs' Amended Claim is there any mention of Moving Defendants' role in this matter. Rather, the only mention of Moving Defendants beyond the initial allegations asserting the address of each party. Given that Moving Defendants do not constitute a state actor, Plaintiffs cannot claim that they violated the Racketeer Influenced and Corrupt Organizations Act, United States Constitution or the United States Code, and so their claims must be dismissed with prejudice.

    **B.**    **Plaintiffs Fail To State A Claim For Violation Of The Zodiac Constitution, International Treaty Of Peace And Friendship Of 1836 A.D., Treaty Of Tripoli, United Nations Rights Of Indigenous Peoples, As Well As United Nations Declaration Of Human Rights.**

The Zodiac Constitution and the International Treaty of Peace and Friendship of 1836 A.D., are bodies of law created by the Moorish National. Moving Defendants are not a part of the Moorish National and, as such, are not governed by the Zodiac Constitution or the International Treaty of Peace and Friendship of 1836 A.D.

The Treaty of Tripoli was a diplomatic agreement between the United States and Tripolitania, which was replaced by the Treaty of Peace and Amity in 1805. The United Nations Rights of Indigenous Peoples and the United Nations Declaration of Human Rights are declarations by the United Nations and are not considered legally binding instruments. The

Treaty of Tripoli, United Nations Rights of Indigenous Peoples, and the United Nations Declaration of Human Rights are not binding laws on organizations and/or individuals in the United States of America. Even if they were binding federal laws, Moving Defendants do not constitute state actors, so Plaintiffs' cannot claim that they deprived them of any rights outlined in therein.

Furthermore, nowhere in Plaintiffs' Amended Claim is there any mention of Moving Defendants' role in this matter. Rather, the only mention of Moving Defendants beyond the initial allegations asserting the address of each party. Since Moving Defendants are not a part of the Moorish National nor otherwise can be found to have violated the Zodiac Constitution, the International Treaty of Peace and Friendship of 1836 A.D., the Treaty of Tripoli, the United Nations Rights of Indigenous Peoples, or the United Nations Declaration of Human Rights, Plaintiffs claims for violations of these laws must be dismissed with prejudice.

### C. Plaintiffs Fail To State A Claim For Constitutional Conspiracy.

A claim of conspiracy must be pled with particularity. Garcia, No. 01-2449, 2003 U.S. Dist. Lexis 18143 at *10. The complaint must "make specific factual allegations of combination, agreement, or understanding among or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." Quintal, No. 00-122, 2000 U.S. Dist. Lexis 13498 at *7.

Plaintiffs' Amended Claim does not provide sufficient factual support for an alleged Constitutional conspiracy. Plaintiffs fail to aver any factual support to establish an alleged agreement between Moving Defendants and all other named defendants beyond blanketly asserting that the defendants conspired. Since Plaintiffs failed to adequately plead Constitutional conspiracy, their conspiracy claims must be dismissed with prejudice.

**D.     Plaintiffs Fail To State A Claim For Defamation, Libel or Slander as well as Invasion of Privacy.**

Plaintiffs' claims for defamation, libel, slander and invasion of privacy are based on an article published by Philadelphia Daily News on June 4, 2015. Nowhere in Plaintiffs' Amended Claim is there any mention of Moving Defendants' role in the Philadelphia Daily News article beyond blanketly asserting that all of defendants intentionally and proximately caused Plaintiffs' damages. Since Plaintiffs fail to adequately plead their claims for defamation, libel, slander, and invasion of privacy against Moving Defendants, these claims must be dismissed with prejudice

**E.     Plaintiffs Fail To State A Claim For Intentional Breach of Fiduciary Trust.**

To establish a breach of fiduciary duty under Pennsylvania law, Plaintiffs must first prove that a fiduciary relationship existed between them and Moving Defendants. McDermott, 11 F. Supp. 2d at 626 n.18. Then, plaintiffs must prove that (1) Moving Defendants negligently or intentionally failed to act in good faith and solely for the benefit of plaintiffs in all matters for which they were employed; (2) Plaintiffs suffered injury, and (3) Moving Defendants' failure to act solely for the Plaintiffs' benefit caused their injuries. See Dinger, 82 F. App'x at 265.

Nowhere in Plaintiffs' Amended Claim do they set forth facts establishing a fiduciary relationship between them and Moving Defendants. In fact, Moving Defendants are never mentioned beyond the allegations the address of each party. Since Plaintiffs failed to adequately plead a claim for Intentional Breach of Fiduciary Duty, their claim must be dismissed with prejudice.

**F.     Alternatively Plaintiffs' Amended Claim Must Be Dismissed For Lack Of Specificity Pursuant To Fed. R. Civ. P. 12(e).**

Not only must a Complaint be legally sufficient, but Rule 12(e) provides in part that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party

cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e). Thus, "a 12(e) motion is proper when a complaint pleads a viable legal theory, but is so unclear that the opposing party cannot respond to the complaint." See Humphreys, 962 F. Supp. at 352-53. The Court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007).

Even if Plaintiffs' claims were not legally barred, the Amended Claim must still be dismissed for lack of specificity. It is clear on the face of the Complaint that Plaintiffs failed to plead any facts which support their claims against the Moving Defendants. Nowhere in the Amended Claim is there any mention of Moving Defendants involvement of any of the allegations. In fact, the only time Moving Defendants are mentioned are in the initial paragraphs noting the addresses of each party. This Court is not compelled to accept unsupported conclusions and unwarranted inferences. Since Plaintiffs failed to plead their Amended Claim with specificity, this Court cannot draw a reasonable inference that the Moving Defendants are liable for the claims alleged, and the Amended Claim should be dismissed.

## VI. CONCLUSION

Based on the foregoing, Moving Defendants respectfully request this Court to enter an Order dismissing Plaintiffs' Complaint with prejudice in accordance with Federal Rule of Civil Procedure 12(b)(6) on the basis of Plaintiffs' failure to state a claim upon which relief may be granted. In the alternative, Moving Defendants respectfully request that this Honorable Court grant their Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e).

Respectfully submitted,

**DEASEY, MAHONEY & VALENTINI, LTD.**

By: _____
**FRANCIS J. DEASEY, ESQUIRE**
Attorney ID No. 25699
**RACHEL M. MANDELL, ESQUIRE**
Attorney ID No. 209363
1601 Market Street, Suite 3400
Philadelphia, PA 19103
**Attorneys for Defendants Robert H. Wise, d/b/a Robert H. Wise Management Company, Inc. & President/CEO, Donna M. Wise d/b/a Vice President, Judith A. Owens d/b/a Secretary, and Robert M. Stango d/b/a Treasurer**

Date: 7/24/15