## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| THE NORTH WEST AMEXEM EMBASSY et al., | : : : : | |
| | : | No. 2:15-cv-03606-PD |
| Plaintiffs | : | |
| v. | : | |
| | : | Civil Action |
| TOM WOLF, et al | : | |
| | : | |
| Defendants | : | |
| | : | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendants Sirlin, Lesser and Benson, P.C., Jon Sirlin, Peter Lesser, John Benson, Susan Kupersmith, Dana Plon, Dorothy Hamill, Lisa Rutenberg, Kiersten Lange, Adam Nachmani, Patrick Troy, Francine Beyer, and Aaron Beyer (collectively, "Defendants") hereby move to dismiss all claims and allegations asserted against them in the Amended Complaint (Doc. No. 3) filed by plaintiffs Delilah Passé El, R.Lynn Hatshepsut Ma'atKare El, Nanya Amir El, Heru Atum Ra El, and North West Amexem Embassy pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) with prejudice. In support thereof, Defendants incorporate herein by reference the accompanying memorandum of law.

Respectfully submitted,

SIRLIN, LESSER & BENSON, P.C.

 /s/  Patrick J. Troy
Peter A. Lesser (PA Id. 59433)
Patrick J. Troy (PA Id. 89890)
123 South Broad Street, Suite 2100
Philadelphia, PA 19109
Phone: (215) 864-9700
*Attorneys for Defendants*

Dated:  July 27, 2015

|  |  |
|---|---|
| THE NORTH WEST AMEXEM EMBASSY et al., | : <br> : <br> : <br> :     No. 2:15-cv-03606-PD <br> : <br> : <br> :     Civil Action <br> : <br> : <br> : |
|           Plaintiffs <br> v. <br><br> TOM WOLF, et al <br><br>           Defendants | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT**

Defendants Sirlin, Lesser & Benson, P.C., Jon Sirlin, Peter Lesser, John Benson, Susan Kupersmith, Dana Plon, Dorothy Hamill, Lisa Rutenberg, Kiersten Lange, Adam Nachmani, Patrick Troy, Francine Beyer, and Aaron Beyer (collectively, "Defendants") hereby move to dismiss all claims and allegations asserted against them in the Amended Complaint (Doc. No. 3) filed by plaintiffs Delilah Passé El, R.Lynn Hatshepsut Ma'atKare El, Nanya Amir El, Heru Atum Ra El, and North West Amexem Embassy (collectively "Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) with prejudice.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Pro se plaintiffs Delilah Passé El (Am. Compl., ¶¶ 1-3), R.Lynn Hatshepsut Ma'atKare El (*Id.* ¶¶ 5-7), Nanya Amir El (*Id.* ¶¶ 8-10), Heru Atum Ra El (*Id.* ¶¶ 11-13), and the North West Amexem Embassy (*Id.* ¶ 4) have filed an Amended Complaint (Doc. No. 3) brining claims against a multitude of public officials and private citizens, ranging from the Governor of Pennsylvania and Archbishop of Philadelphia to associates at a Philadelphia law firm.

From what can be gleaned from the Amended Complaint, plaintiff R.Lynn Hatshepsut

Ma'atKare El or Rebecca (Rhashea) Lynn Harmon (the "Tenant"), rented an Apartment No. 2-A at 429 N. 13th Street Philadelphia, Pennsylvania 19123 (the "Premises") from landlord defendant Francine Beyer (the "Landlord").

As alluded to in the Amended Complaint, prior to the events on May 18, 2015, a dispute arose between Landlord and Tenant, and Landlord commenced a landlord-tenant action against Tenant in Philadelphia Municipal Court.[1] On February 13, 2015, the Municipal Court entered judgment for money and possession of the Premises in Landlord's favor and against Tenant. Tenant later appealed this ruling to the Philadelphia Court of Common Pleas, and Landlord filed complaint in *Beyer v. Harman*, Philadelphia Court of Common Pleas, February 2015 Term, No. 2412. A true and correct copy of the docket in the Court of Common Pleas is attached as Exhibit B. The parties reached an agreement to settle their dispute that was approved and entered as a court order on April 23, 2015. A true and correct copy of the April 23, 2015 Order is attached hereto as Exhibit C. The agreement provided, among other things, that Tenant would vacate the Premises by May 17, 2015 and the Writ of Possession for the Premises could not be executed until on or after May 17, 2015. *Id.*

On May 18, 2015, Tenant made a call to the Philadelphia Police Department, claiming that she had been unlawfully locked out of the Premises. After members of the Philadelphia police department arrived at the Premises, Tenant and plaintiffs Delilah Passé El, Nanya Amir El, and Heru Atum Ra El were arrested. The Amended Complaint then goes on to discuss the criminal proceedings that followed, and a newspaper article published in the *Philadelphia Daily*

---

[1] A true and correct copy of the docket sheet from *Beyer v. Harmen*, Philadelphia Municipal Court, Case No. LT-14-12-05-3548 is attached hereto as Exhibit A. *See*, *e.g., Schuylkill Health Sys. v. Cardinal Health, Inc.*, No. CIV.A. 12-7065, 2014 WL 3805466, at *1 (E.D. Pa. Mar. 14, 2014)(stating that the Court will take judicial notice of court filings were, as public filings on the docket, they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.)

*News* on or about June 2, 2015.  A copy of the article is attached hereto as Exhibit D.[2]

Defendant Susan J. Kupersmith, Esquire of defendant law firm Sirlin, Lesser & Benson, P.C. represented Landlord in the above-mentioned landlord-tenant proceedings.  The Amended Complaint is silent as to the involvement of the other attorneys at Sirlin, Lesser & Benson, P.C., Jon Sirlin, Peter Lesser, John Benson, Dana Plon, Dorothy Hamill, Lisa Rutenberg, Kiersten Lange, Adam Nachmani, and Patrick Troy, although they are also named as defendants in this lawsuit.  Moreover, the Amended Complaint pleads no facts regarding Aaron Beyer's involvement although he too is named as a defendant.

The Amended Complaint heavily relies on the Treaty of Peace and Friendship of 1787 and 1836 (the "Treaty") between the United States and Morocco as the basis of this Court's jurisdiction and as a basis of Plaintiffs' substantive claims.  Plaintiffs also cite to the United States Constitution, the Racketeer Influenced and Corrupt Originations Act, other civil and criminal portions of the United States Code, as well as the Zodiac Constitution, the Treaty of Tripoli, the United Nations Rights of Indigenous Peoples, the United Nations Declaration of Human Rights as the underlying support for their claims.  *See* Am. Compl. ¶¶ 85-102 (setting forth Count I against all defendants named in the action); ¶¶ 130-137 (setting forth Count III against the Beyers and other named defendants).  Additionally, Plaintiffs have alleged claims of constitutional conspiracy against the Beyers (*see* Count IV); various civil and criminal law sections of the United States Code against the Beyers, Attorney Kupersmith and others (*see* Count V); defamation against the Beyers, Attorney Kupersmith and others (*see* Count VI); and an intention breach of fiduciary trust against all named defendants (*see* Count VII).

---

[2] On or about July 6, 2015, Plaintiffs filed a document with this Court purporting to remove the criminal actions to this Court based on the Treaties of Peace and Friendship between the United States and Morocco dates 1787 and 1836.  (Doc. No. 2).

**II.     ARGUMENT**

At the outset, this Court construes a *pro se* pleading liberally, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), and "accept[s] as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff", *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997).  However, the Court need not credit bald assertions or legal conclusions.  *Id.*

Even under such pleading standards, Plaintiffs' Amended Complaint cannot pass muster. Plaintiffs' Amended Complaint is extremely vague and the exact causes of action for which the Plaintiffs seek relief is unclear.  In discussing a filing asserting a similar claims by Moors, this Court observed, "[e]ssentially, the Complaint makes no logical sense, inasmuch as it is a random rendition bordering on a mish-mosh of legalese turned into meaningless meanderings."  *Great Seal Moorish Sci. Temple of Am., Inc. v. New Jersey.,* No. 05-345, 2005 WL 2396311, at *1 n. 1 (E.D. Pa. Sept. 28, 2005).

**A.     All Claims Against Defendants Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(1).**

1.     *Standard of Review*

"Where a defendant's 12(b)(1) motion facially attacks a complaint, the court must take all allegations in the complaint as true."  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977).  The burden is on the plaintiff to prove the existence of jurisdiction.  *Id*.

2.     *The Rooker-Feldman Doctrine Bars Jurisdiction Over Plaintiffs' Claims*.

Pursuant to the *Rooker-Feldman* doctrine and the mandate of 28 U.S.C. §1257, this Court lacks subject matter jurisdiction to review Plaintiffs' claims.  As stated in 28 U.S.C. §1257, "final judgments or decrees rendered by the highest court of a state in which a decision could be had [are to] be reviewed by the Supreme Court of the United States," not by federal district

courts.  28 U.S.C. § 1257.

It is well-settled that federal courts lack jurisdiction to review state court judgments where the relief sought is in the nature of appellate review.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Blake v. Papadakos*, 953 F.2d 68, 71 (3d Cir. 1992).  Under the long-established *Feldman-Rooker* doctrine, a federal district court has no authority to review judgments of a state court in judicial proceedings.  Review of such judgments may be had only in the state appellate courts and in the United States Supreme Court.  Moreover, the doctrine applies even where a plaintiff alleges deprivations of federally protected due process and equal protection rights.  *Feldman*, 460 U.S. at 485. If the constitutional claims presented to the federal district court are "inextricably intertwined" with the state court's action, then the district court is in essence being called upon to review the state court decision.  *Id*. at 483-84, n. 16.

Thus, if the plaintiff's claim is "inextricably intertwined" with the prior state adjudication, it must be dismissed under the *Rooker-Feldman* doctrine. *See Parkview Assoc. P'ship v. Lebanon*, 225 F.3d 321,325 (3d Cir. 2000) (noting that "a federal action is inextricably intertwined with a state adjudication, and thus barred in federal court under Feldman, '[w]here federal relief can only be predicated upon conviction that the state court was wrong.'") (quoting *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 25, 107 S. Ct. 1519 (1987), Marshall, J., concurring). In addition, the Third Circuit has stated that, as with the rules of claim preclusion, "[o]nce litigants' claims have been adjudicated in the state court system, they should not also have access to the entire federal court system. *Guarino v. Larsen*, 11 F.3d 1151 (3d Cir. 1993). Concomitantly, "federal courts have no jurisdiction to review state officials' compliance with state law." *Blake*, 953 F.2d at 73 n.5.

If the injury which the federal plaintiff alleges resulted from the state court judgment itself, then *Rooker-Feldman* controls, and the lower federal courts lack jurisdiction over the claim. It does not matter that the state court judgment might be erroneous or even unconstitutional. As the Third Circuit stated, "[j]udicial, errors committed in state courts are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of ours …" *Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of New York & New Jersey Police Dep't*, 973 F.2d 169, 178 (3d Cir. 1992). Moreover, to the extent Plaintiffs not "appealing" to the District Court, but instead was attempting to relitigate issues previously determined by the Pennsylvania courts, review is barred by *res judicata. See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.,* 571 F.3d 299, 310 (3d Cir.2009) (describing conditions in Pennsylvania under which collateral estoppel will bar a subsequent claim).

In order for this Court to decide Plaintiffs' claims, it would need to examine the decision of the state court in the underlying landlord-tenant and criminal actions, something that the *Rooker-Feldman* doctrine plainly states it cannot do. Thus *Rooker-Feldman* and *res judicata* combine to require the dismissal of this case, which—at its core—improperly invites this Court to act as a Pennsylvania appellate court for a landlord-tenant and criminal charges that Plaintiffs allege were improper because they claim status of Moors. Indeed, several courts within the Third Circuit have relied on the *Rooker-Feldman* doctrine to dismiss similar actions brought by plaintiffs claiming status as Moors. *See, e.g., Bey v. Court of Common Pleas of Philadelphia Cnty.*, No. 2:13-CV-0506, 2013 WL 5780777, at \*2 (E.D. Pa. Oct. 24, 2013); *El v. Asbury Park Mun. Court*, No. CIV. 11-1648, 2011 WL 2148854, at \*1 (D.N.J. May 31, 2011); *Jefferson El Bey v. N. Brunswick Mun. Court*, No. CIV. A. 08-2825, 2008 WL 2510725, at \*2 (D.N.J. June

19, 2008).

        3.     *Plaintiffs' Allegations That They Are Aboriginal Indigenous Moorish Americans Does Not Create Jurisdiction.*

Plaintiffs' allegations that they are Aboriginal Indigenous Moorish Americans does not create jurisdiction.  As explained by Judge Pratter:

> The Moorish Science Temple of America was founded by Timothy Drew, a/k/a Noble Drew Ali, in 1913. *See* http://www.sevensealspublications.com/56611.html. The Moor members of Plaintiff the Great Seal Seven appear to be followers of Drew's teachings. Drew preached that all African-Americans are of Moorish descent and thus are not citizens of the United States. *See United States v. James,* 328 F.3d 953, 954 (7th Cir.2003). Drew instructed his followers that all "Moorish Americans" must carry a 'Moorish passport' bearing one's 'real' name, which was often created fictitiously by adding names that Drew claimed corresponded to the three ancient Moroccan tribes, 'Ali,' 'Bey,' or 'El,' to one's given birth name. *See United States v. Darden,* 70 F.3d 1507, 1517 (8th Cir.1995).
>
> The Moors claim certain rights as a result of the Treaty of Peace and Friendship of 1786, entered into by the United States of America and the Kingdom of Morocco.  According to the Moors, the Treaty subjects them only to the laws of Morocco, including the taxing provisions.  Moreover, the Moors do not believe that African Americans are technically citizens of the United States within the meaning of the United States Constitution as a result of many of the Moors' predecessors being brought to the United States as slaves. Thus, they contend that descendants of slaves are not subject to the laws established pursuant to the Constitution. *See* http://www.thenationofmorrish-americans.org/bey.htm. Moors also believe that the Dred Scott decision (*Scott v. Sanford,* 60 U.S. 393, 19 How. 393, 15 L.Ed. 691 (1857)) stands for the proposition that African-Americans are not citizens of the United States and thus the duties of citizens, including abiding by the laws of the United States and paying taxes, do not apply to African-Americans. *See id; see also, James,* 328 F.3d at 954 (where the defendant offered a defense that his ancestors came from Africa, thus, he was a Moorish national required to obey only those laws mentioned in the Treaty).

*Great Seal Moorish Sci. Temple of Am., Inc.,* 2005 WL 2396311, at *1 n. 1.

      Accordingly, federal district courts routinely conclude that a plaintiff's allegation that

they are Moorish does not in and of itself confer federal jurisdiction. *Jefferson El Bey,* 2008 WL 2510725, at *2 (holding Jefferson's alleged status as an "Aboriginal Indigenous Moorish American" creates no jurisdiction here); *Hawkins-El v. County of Wayne,* No. 08-10652, 2008 WL 474095, at *1 (E.D. Mich. Feb.19, 2008) (dismissing complaint where plaintiff asserted jurisdiction as "sovereign Moor of the Washitaw Empire"); *Benton-El v. Odom,* No. 05-242, 2007 WL 1812615, at *6 (M.D. Ga. June 19, 2007) (adopting Magistrate Judge's recommendation that no jurisdiction created by plaintiff claiming to be "Moorish American citizen"), *Halabi v. Fields-El,* No. 06-12203, 2006 WL 2161338, at *1-*2 (E.D. Mich. July 28, 2006) (granting motion to remand landlord-tenant action; rejecting jurisdiction based on defendants' claim of "rights as Sovereign American Moors under the Treaty of 1786"); *King v. Corp. of U.S.,* No. 05-72849, 2005 WL 3320866, at *1 & *4 (E.D. Mich. Dec.7, 2005) (granting motion to dismiss complaint seeking halt of prosecution for failure to pay child support; rejecting jurisdiction based on plaintiff's claim of being "Sovereign Indigenous Moor"); *Hedrick v. Coleman,* No. 05-73707, 2005 WL 2671327, at *1-*2 (E.D. Mich. Oct.19, 2005) (dismissing complaint wherein plaintiffs claimed state foreclosure action "violates their rights as Sovereign American Moors," as "[s]uch status is not enough, in itself, to vest the Court with subject matter jurisdiction"); *Great Seal Moorish Sci. Temple,* 2005 WL 2396311, at *1 (granting motion to dismiss civil rights claim for impounding of car; rejecting jurisdictional assertion that plaintiffs (1) are of Moorish descent and thus not American citizens, (2) possess special rights, and (3) are not subject to American law).

Accordingly, Plaintiffs' claims against the Defendants should be dismissed for lack of federal jurisdiction.

**B.      Plaintiffs' Claims Should Be Dismissed Under Rule 12(b)(6) Because They Fail To State A Claim Against Defendants.**

1.      *Standard of Review.*

Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citations omitted).

Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id*. at 1965 (citations omitted). In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts. As the Supreme Court instructed, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted).

Although the Court must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party, the Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp*., 232 F.3d 173, 183–84 (3d Cir. 2000) (citing *City of Pittsburgh v. West Penn Power Co.,* 147 F.3d 256, 263 n. 13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997).

2.      *Plaintiffs Claims Must Be Dismissed.*

The *Twombly* plausibility standard requires that "the plaintiff plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands a showing that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, (2009) (quoting *Twombly,* 550 U.S. at 556).

In the present case, Plaintiffs fail to plead any facts that explain how the landlord tenant actions or the arrests were unlawful.  In lieu of facts, Plaintiff presents pages of religious declarations and unsubstantiated legal conclusions. The Plaintiffs profess that they are sovereigns of the Moorish Empire and not subject to the laws of the United States.  Plaintiff's denunciation of the power of the federal government over the Moors is in direct contradiction to their simultaneous petition for relief under the United States Constitution.  *See El v. Asbury Park Mun. Court,* CIV. 11–1648, 2011 WL 2148854 (D.N.J. May 31, 2011).

Moreover, Plaintiffs plead no facts that connect any of the Defendants to the allegations in Counts I, II, III, IV, V and VII.  The Amended Complaint is silent as to the involvement of the other attorneys at Sirlin, Lesser & Benson, P.C., Jon Sirlin, Peter Lesser, John Benson, Dana Plon, Dorothy Hamill, Lisa Rutenberg, Kiersten Lange, Adam Nachmani, and Patrick Troy, although they are also named as defendants in this lawsuit. Moreover, the Amended Complaint pleads no facts regarding Aaron Beyer's involvement although he too is named as a defendant.

With respect to the defamation claim in Count VI, Plaintiffs also fail to state a claim.[3]

---

[3] Jurisdiction on this claim must be based in diversity arising under 28 U.S.C. § 1332(a), which provides that district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and, and is between ... citizens of different States." *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 419 (3d Cir. 2010).  Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp. v. Allapattah Svcs. Inc.,* 545 U.S. 546, 553, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005); *Kaufman v. Allstate N.J. Insur. Co.,* 561 F.3d 144, 148 (3d Cir.2009).  Here the Amended Complaint does not allege that the parties are diverse.

Defamation, of which libel, slander, and invasion of privacy are methods, is the tort of detracting from a person's reputation, or injuring a person's character, fame, or reputation, by false and malicious statements. *Zartman v. Lehigh County Humane Society*, 333 Pa.Super. 245, 482 A.2d 266, 268 (1984). A publication is defamatory if it tends to blacken a persons reputation or expose him to public hatred, contempt, or ridicule, or injure him in his business or profession. *See MacElree v. Philadelphia Newspapers, Inc*., 544 Pa. 117, 124-25, 674 A.2d 1050, 1054 (1996). The seven elements of a prima facie case that Plaintiff must in a defamation action are: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of any conditional privilege. 42 Pa. C.S.A. § 8343(a).

Plaintiffs' Complaint barely hits these seven requirements. Plaintiff cannot set forth a prima facie case, and, therefore Count VI must be dismissed.

"In an action for defamation, the plaintiff has the burden of proving ... [t]he defamatory character of the communication." *Tucker v. Philadelphia Daily News,* 577 Pa. 598, 848 A.2d 113, 123 (Pa.2004), citing 42 Pa.C.S. § 8343(a). "It is the function of the court to determine whether the challenged publication is capable of a defamatory meaning." *Tucke*r, 848 A.2d at 124. "If the court determines that the challenged publication is not capable of a defamatory meaning, there is no basis for the matter to proceed to trial." *Id., citing Thomas Merton Center v. Rockwell International Corp*., 497 Pa. 460, 442 A.2d 213, 215–16 (Pa. 1981). "To determine whether a statement is capable of a defamatory meaning, we consider whether the statement 'tends so to harm the reputation of another as to lower him in the estimation of the community or

to deter third parties from associating or dealing with him.'" *Id. citing Birl v. Philadelphia Elec. Co.*, 402 Pa. 297, 167 A.2d 472, 475 (Pa. 1960) (quoting Restatement (First) of Torts, § 559 (1989). "It is not enough that the victim of the [statements] ... be embarrassed or annoyed, he must have suffered the kind of harm which has grievously fractured his standing in the community of respectable society." *Id*.

Even if the newspaper article letter is read in favor of Plaintiffs, it strains credulity that defendant Beyer's statements overshadow the descriptions of Plaintiffs own actions. This court need not accept plaintiffs' "'unsupported conclusions and unwarranted references,' " *Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir.2007) (quoting *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.,* 113 F.3d 405, 417 (3d Cir.1997); *Wyeth v. Ranbaxy Labs., Ltd.,* 448 F.Supp.2d 607, 609 (D.N.J.2006) (dismissing a claim supported only by "[l]egal conclusions made in the guise of factual allegations"). Therefore, plaintiff's claims for relief are without merit and must be dismissed.

### C.    Plaintiffs Should Not Be Permitted To Amend Their Complaint.

Finally, we recognize that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *see Fletcher–Hardee Corp. v. Pote Concrete Contractors,* 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004). In this case, Plaintiffs have failed to state a viable federal cause of action, and the factual and legal grounds proffered in support of the complaint make it clear that they have no right to relief. Therefore, this Court should find that granting further leave to amend would be futile or result in undue delay.

## III.     RELIEF REQUESTED

For all of the foregoing reasons, all of the claims asserted against defendants Sirlin, Lesser & Benson, P.C., Jon Sirlin, Peter Lesser, John Benson, Susan Kupersmith, Dana Plon, Dorothy Hamill, Lisa Rutenberg, Kiersten Lange, Adam Nachmani, Patrick Troy, Francine Beyer, and Aaron Beyer in Plaintiffs' Amended Complaint should be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

In addition, this is the second complaint filed in this action.  Defendants respectfully request that Plaintiffs be denied permission to amend the allegations of the complaint in response to this motion as further amendment would be inequitable or futile.  *Phillips v. County of Allegheny,* 515 F.3d 224, 236 (3d Cir. 2008).

Respectfully submitted,

SIRLIN, LESSER & BENSON, P.C.

 /s/  Patrick J. Troy
Peter A. Lesser (PA Id. 59433)
Patrick J. Troy (PA Id. 89890)
123 South Broad Street, Suite 2100
Philadelphia, PA 19109
Phone: (215) 864-9700
*Attorneys for Defendants*

Dated:  July 27, 2015

## CERTIFICATE OF SERVICE

I, Patrick J. Troy, hereby certify that on July 27, 2015, I caused a true and correct copy of

the foregoing Motion to Dismiss, Memorandum of Law in Support of the Motion and Exhibits to

be filed with the Court's CM/ECF System and served via CM/ECF electronic notice and by first-

class mail on the following plaintiffs:

| | |
|---|---|
| Delilah Passé El | R.Lynn Hatshepsut Ma'atKare El |
| 7128 Chew Avenue | 7128 Chew Avenue |
| Philadelphia, PA 19119 | Philadelphia, PA 19119 |
| | |
| Nanya Amir El | Heru Atum Ra El |
| 7128 Chew Avenue | 7128 Chew Avenue |
| Philadelphia, PA 19119 | Philadelphia, PA 19119 |

North West Amexem Embassy
7128 Chew Avenue
Philadelphia, PA 19119



　　　　　　　　　　　　　　　 /s/ Patrick J. Troy
　　　　　　　　　　　　　　Patrick J. Troy (PA Id. 89890)