# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE NORTH WEST AMEXEM, : <br> FEZ PROVINCE, et al., : <br> Plaintiffs, : <br> v. : <br> : <br> TOM WOLF d/b/a Commonwealth of : <br> Pennsylvania, Governor : <br> Defendants. : | Civ. No. 15-3606 |

## O R D E R

This putative civil rights action arises from a state-court authorized eviction. Four individual Plaintiffs and two organizational plaintiffs, acting *pro se*, bring suit against no fewer than forty-nine Defendants, including the Governor, the Attorney General, various public officials, and several newspaper reporters. (Doc. No. 1.) On July 6, 2015, Plaintiffs amended their Complaint, alleging, *inter alia*, violations of the United States Constitution, the Racketeer Influenced and Corrupt Organizations Act, and various international Codes and Accords. (Doc. No. 3, Am. Compl.) Plaintiffs also allege constitutional conspiracy, intentional breach of fiduciary trust, defamation, libel, slander, invasion of privacy, theft and conversion of cultural relics. (Id.) Plaintiffs allege that they are of Aboriginal Indigenous Moorish-American descent, and that the incidents giving rise to their Amended Complaint offend their "[h]uman rights, [i]ndigenous rights, and [c]onstitutional rights." (Id. ¶ 83.) Several defendants have filed Motions to Dismiss. (Doc Nos. 7, 9, 11, 13, 14, 16, 17.) I will grant the Motions and dismiss Plaintiffs' Amended Complaint with prejudice.

## I. Background

To the extent they are intelligible, Plaintiffs' claims arise from a landlord-tenant dispute occurring on the evening of May 18, 2015. (Doc. No. 3, Am. Compl. 15-16.) Plaintiff R. Lynn

Hatschepsut Ma'atKare El claims that she was locked out of her Philadelphia apartment located at 429 N. 13th Street. (Id.) After she alerted the police, uniformed officers arrived and explained that she had been evicted pursuant to a judgment from the Philadelphia Municipal Court. (Id.) After a dispute ensued, individual Plaintiffs R. Lynn Hatschepsut Ma'atKare El, Delilah Passé El, and Heru Atum Ra El were arrested and transported to the 6th District Police Headquarters, where they were booked, searched incident to arrest, and detained. (Id. 18-20.) Plaintiff Nanya Amir El also appears to have been detained by the Philadelphia Police at the 9th District Precinct. (Id. 20-21.) On June 2, 2015, Plaintiffs attended a preliminary hearing in the Philadelphia Municipal Court at which Judge Shuter, who is not named as a Defendant, presided. (Id. 25-26.) Although the Amended Complaint is unclear, because their underlying criminal cases have not yet terminated as of the date of this Order, it appears that plaintiffs were held for court. (Doc. 17 at 17.)

**II. Legal Standard**

In deciding a motion to dismiss, I must accept factual allegations, and disregard legal conclusions or mere recitations of the elements. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). I must then determine whether the facts alleged make out a "plausible" claim. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**III. Discussion**

*Each Plaintiff Must Have Standing*

Plaintiffs "The North West Amexem Embassy, Fez Province" and "Fez Province, © AA222141 Library of Congress" lack standing to assert the claims in the Amended Complaint.

These Embassy and Province Plaintiffs assert no facts indicating that they suffered injury, and individual Plaintiffs R. Lynn Hatschepsut Ma'atKare El, Delilah Passé El, Heru Atum Ra El, and Nanya Amir El—who do not appear to be members of any bar—may not act on behalf of these organizations. Mazzoni v. United States, No. CIV.A. 2:05-CV-5743, 2006 WL 1564020, at *1 (E.D. Pa. Apr. 17, 2006) ("[A] corporation, or similar organizational entity, may not proceed pro se and must be represented by legal counsel.") Accordingly, I do not have jurisdiction to hear the claims of Plaintiffs North West Amexem Embassy and Fez Province. Berg v. Obama, 574 F. Supp. 2d 509, 519 (E.D. Pa. 2008) aff'd, 586 F.3d 234 (3d Cir. 2009).

*Management Company Defendants*

Defendants Robert H. Wise, Donna M. Wise, Judith A. Owens, and Robert M. Stango are President/CEO, Vice President, Secretary, and Treasurer, respectively, of the Robert H. Wise Management Company, the residential management company for the apartment from which Plaintiff was evicted on May 18, 2015. (Doc. No. 7 ¶ 5.) The Amended Complaint included no facts identifying the basis of the claims against these Management Company Defendants, who have moved to dismiss. This, alone, entitles the Management Company Defendants to relief. Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) ("[W]e are not compelled to accept "unsupported conclusions and unwarranted inferences."). In any event, I may not revisit the underlying state court determination leading to the events of May 18, 2015. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192-93 (3d Cir. 2006) ("[I]f a plaintiff's claim in federal court is inextricably intertwined with a previous state court adjudication, the district court lacks jurisdiction over the claim even if it was not raised in the state court."). Accordingly, I will grant the Management Company Defendants' Motion to Dismiss. (Doc. No. 7.)

*Sirlin Defendants*

Defendant Susan Kupersmith, Counsel at Sirlin, Lesser & Benson, P.C., represented Plaintiffs' Landlord in the underlying landlord-tenant dispute. (Doc. No. 9 at 3.) Although Plaintiffs allege that that Sirlin, Lesser & Benson, Jon Sirlin, Peter Lesser, John Benson, Dana Plon, Dorothy Hamill, Lisa Rutenberg, Kiersten Lange, Adam Nachmani, Patrick Troy, Francine Beyer, Aaron Beyer and Susan Kupersmith were responsible for various acts of theft of cultural property, Plaintiffs include no facts to support these allegations. (Doc. No. 3, Am. Compl., ¶¶ 189-94.) This failure to plead facts requires dismissal. Fowler, 578 F.3d at 210. Once again, to the extent that Plaintiffs base their claims on a state court determination, they are not cognizable. Taliaferro, 458 F.3d at 192-93. Accordingly, I will grant the Sirlin Defendants' Motion to Dismiss. (Doc. No. 9.)

*Defendant Hayden*

Although Plaintiffs also proceed against Municipal Court Judge Charles Hayden, they include no facts pertaining to him. An overly generous reading of Plaintiffs' Complaint suggests that their claim against Judge Hayden arises from purported improprieties at the preliminary hearing, at which the Judge Shuter presided. (Doc. No. 3, Am. Compl., ¶¶ 121-23.) (Doc No. 11 at n.1.) Assuming Plaintiffs sued Judge Hayden in his official capacity, he is fully entitled to Eleventh Amendment immunity. Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240 (3d Cir. 2005) ("[T]he Judicial District and its counterparts are state entities.") Judge Hayden is also protected from suit in his personal capacity pursuant to the doctrine of judicial immunity. Stump v. Sparkman, 435 U.S. 349, 362 (1978) (a judge is entitled to absolute immunity when he performs the type of acts judges normally perform). Accordingly, I will grant Defendant Hayden's Motion to Dismiss. (Doc. No. 11.)

Although Judge Shuter is not named as a Defendant in this action and was not served, Plaintiffs have named "Charge Magistrate Robert Doe" in their Amended Complaint. (Doc No. 11 at n.1.) The immunity defenses applying to Judge Shuter apply equally to Charge Magistrate Robert Doe, and I also dismiss *sua sponte* with respect to him. See Zaslow v. Coleman, No. CIV.A. 15-1272, 2015 WL 2069192, at *5 (E.D. Pa. May 5, 2015) ("[I]t is well settled that even if a party does not make a formal motion to dismiss, the Court may on its own initiative dismiss the complaint . . . where the inadequacy of the complaint is apparent as a matter of law.") (citations omitted)).

*Daily News Defendants*

In their Amended Complaint, Plaintiffs allege that Daily News reporters, Michael Days, Dana DeFilippo, and John Featherman, were responsible for a false and defamatory "AntiSemitic News Article Published 6-2-2015," an excerpt of which was not included in the Amended Complaint. (Doc. No. 3, Am. Compl., ¶¶ 165.) Plaintiffs' failure to identify the allegedly defamatory statements is sufficient to dismiss their state law claims for defamation and false light invasion of privacy. Ersek v. Twp. of Springfield, Delaware Cnty., 822 F. Supp. 218, 223 (E.D. Pa. 1993) aff'd sub nom. Ersek v. Twp. of Springfield, 102 F.3d 79 (3d Cir. 1996) ("A complaint for defamation must, on its face, specifically identify what allegedly defamatory statements were made by whom and to whom . . . . False light claims require the same specificity.") (internal citations omitted)).

I also conclude that I lack subject matter jurisdiction with respect to these state-law claims because the requirement of complete diversity is not met here. See 28 U.S.C. § 1332; Midlantic Nat. Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995) ("To satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a)(1), the federal diversity statute, diversity must be complete;

that is, no plaintiff can be a citizen of the same state as any of the defendants."). Like the Plaintiffs, each of the Daily News Defendants has a Pennsylvania address. (Doc. No. 13 at 5). Finally, Plaintiffs' allegations that they are Aboriginal Indigenous Moorish Americans does not defeat the complete diversity requirement. Great Seal Moorish Sci. Temple v. N.J., No. 05–345, 2005 WL 2396311, at 1 (E.D. Pa. 2005) (dismissing civil rights claim by plaintiff who asserted special jurisdictional rights due to his Moorish nationality).

For all these reasons, I will grant Daily News Defendants' Motion to Dismiss. (Doc. No. 13.)

Additionally, three other individuals associated with the Daily News—Gar Joseph, Michael Mercanti, and parent company Philadelphia Media Network, LLC—are included in the main caption of the Amended Complaint but not in the body of the pleading, and were not served. (Doc. No. 3, Am. Compl.; Doc No. 11 at 1). Although they do not move to dismiss, my ruling here applies to them with equal force. Tillio v. Northland Grp. Inc., 456 F. App'x 78, 79 (3d Cir. 2012) (Court may dismiss *sua sponte* obviously frivolous claims or those that are "rambling and unclear").

*Defendants Wolf and Kane*

Plaintiffs' Amended Complaint does not include any allegations that Governor Tom Wolf or Attorney General Kathleen Kane were in any way involved with, or even aware of, the May 18, 2015 incident or the subsequent proceedings. To the extent that Plaintiffs sue these Defendants in their official capacities, the Eleventh Amendment bars these claims. Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Because Plaintiffs failed to include any facts connecting Governor Wolf or AG Kane to the Plaintiffs or the underlying

incidents, Plaintiffs may not proceed against them in their personal capacities. Iqbal, 556 U.S. at 676. ("A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Finally, vicarious liability does not attach to these defendants. Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) ("[A] theory of *respondeat superior* liability, [ . . . ] cannot serve as the basis of a claim for constitutional violations."). Accordingly, I will grant Defendants Wolf and Kane's Motion to Dismiss. (Doc. No. 14.)

*Defendant Jewell Williams*

Once again, Plaintiffs include no facts indicating that Philadelphia Sheriff Jewell Williams had any knowledge of the Plaintiffs or the incidents underlying their claims. Once again, Sheriff Williams also may not be held liable on a theory of *respondeat superior*. Santiago, 629 F.3d at 128. Accordingly, I grant Defendant Williams's Motion to Dismiss. (Doc. No. 16.)

*Defendant R. Seth Williams*

The allegations against Philadelphia DA Seth Williams stem from the preliminary hearing, at which the Assistant DA purportedly failed to provide his name. (Doc. No. 3, Am. Compl. ¶ 121). Plaintiffs allege that this prosecutor failed to call a "[c]ompetent witness with [f]irst-hand knowledge" of the underlying offense at the hearing. (Id. ¶ 126.) This purported incompetence is not a constitutional violation. In any event, the claim against DA Williams in his official capacity must fail because he is entitled to prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Moreover, because Plaintiffs have not alleged any direct constitutional violation or unconstitutional policy

or practice of the DA's office, DA Williams may not be held personally liable on a theory of *respondeat superior*. Connick v. Thompson, 131 S. Ct. 1350, 1363 (2011) ("A district attorney is entitled to rely on prosecutors' professional training and ethical obligations in the absence of specific reason.") Accordingly, I will grant Defendant Williams's Motion to Dismiss. (Doc. No. 17.)

*Leave to Amend*

I will permit a pro se plaintiff to amend his or her complaint unless it is clear that granting any such amendment would be futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). The sparse and almost incomprehensible allegations in the Amended Complaint underscore that it would be pointless to allow Plaintiffs to amend a second time. Id.; see also Great Seal Moorish Sci. Temple of Am., Inc. v. New Jersey, No. CIV.A. 05-CV-345, 2005 WL 2396311, at *1 (E.D. Pa. Sept. 28, 2005) (dismissing with prejudice a Complaint filed by Plaintiff Great Seal Moorish Science Temple of America, Inc. and related entities where the Complaint "border[ed] on a mish-mosh of legalese turned into meaningless meanderings"); Stumpf, 825 F. Supp. 2d at 545, 558 (Plaintiff's purported membership in the Moorish American Nation does not save an otherwise facially frivolous complaint); Murakush Caliphate of Amexem Inc. v. New Jersey, 790 F. Supp. 2d 241, 282 (D.N.J. 2011) (warning the plaintiffs, including the Murakush Caliphate of Amexem Inc., not to "test the resolve of the federal judiciary" and to "avoid any form of abusive/frivolous litigation"). Accordingly, in these circumstances, granting further leave to amend would be futile.

**AND NOW**, this 20th day of August, 2015, it is hereby **ORDERED** that:

1. The Motions to Dismiss (Doc. Nos. 7, 9, 11, 13, 14, 16, 17) are **GRANTED** with respect to Defendants Robert H. Wise; Donna M. Wise; Judith A. Owens; Robert M. Stango; Sirlin, Lesser & Benson, P.C.; Jon Sirlin; Peter Lesser; John Benson; Susan Kupersmith, Dana Plon; Dorothy Hamill; Lisa Rutenberg; Kiersten Lange; Adam Nachmani; Patrick Troy; Francine Beyer; Aaron Beyer; Charles Hayden; Robert Doe; John Featherman; Dana DeFilippo; Michael Days; Gar Joseph; Michael Mercanti; Philadelphia Media Network, LLC; Tom Wolf; Kathleen Kane; Jewell Williams; and R. Seth Williams;

2. The Amended Complaint (Doc. No. 3) is **DISMISSED with prejudice** as to the above-named Defendants; and

3. The Clerk shall mark this case as **CLOSED**.

 **AND IT IS SO ORDERED.**

 */s/ Paul S. Diamond*
 ―――――――――――
 Paul S. Diamond, J.