IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE NORTH WEST AMEXEM, FEZ PROVINCE, et al., Plaintiffs, v. TOM WOLF d/b/a Commonwealth of Pennsylvania, Governor Defendants. | Civ. No. 15-3606 |

# O R D E R

Four individual Plaintiffs and two organizational plaintiffs, acting *pro se*, brought suit against some forty-nine Defendants, including the Governor, the Attorney General, other public officials, and several newspaper reporters. (Doc. No. 1, 3.) On August 20, 2015, I dismissed with prejudice Plaintiff's Amended Complaint. (Doc. No. 18.)

In doing so, I noted, *inter alia*, that Plaintiffs included no facts indicating that Defendants Sirlin, Lesser and Benson, P.C., Jon Sirlin, Peter Lesser, John Benson, Susan Kupersmith, Dana Plon, Dorothy Hamill, Lisa Rutenberg, Kiersten Lange, Adam Nachmani, Patrick Troy, Francine Beyer, and Aaron Beyer (the Sirlin Defendants) had committed the acts alleged of theft of cultural property. (Doc. No. 18 at 4.) I further determined that to the extent that Plaintiffs base their claims on a state court determination, they are not cognizable. (Id.)

To avoid any potential default under Rule 55 and out of an abundance of caution, the Sirlin Defendants now move to dismiss all claims asserted against them in what Plaintiffs have identified as a "Joinder of Additional Defendants." (Doc. Nos. 15, 38.) It is clear that the Amended Complaint and the Joinder of Additional Defendants are virtually identical and assert no new cognizable claims against the Sirlin Defendants (or for that matter, any of the other

Defendants). Accordingly, for the reasons I provided in my August 20, 2015 Order, I will grant the Sirlin Defendants' Motion and dismiss with prejudice the Joinder of Additional Defendants.

Moreover, the Joinder of Additional Defendants adds Defendant Mark Brenfleck, President of Superior Moving and Storage Inc., as an additional defendant to the caption. In Count VIII, Plaintiffs allege that Mr. Brenfleck violated their cultural property rights. They do not, however, assert any facts related to Mr. Brenfleck or explain in any way his connection to the underlying eviction proceeding at issue in their suit. Accordingly, I will dismiss with respect to him. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, (2007)); cf. Bethea v. Nation of Islam, 248 F. App'x 331, 333 (3d Cir. 2007) (*sua sponte* dismissal is proper when the allegations, taken in the light most favorable to the plaintiff, are "patently meritless and beyond all hope of redemption") (citations omitted)).

**AND NOW**, this 7th day of October, 2015, upon consideration of Defendants' Second Motion to Dismiss (Doc. No. 38), it is hereby **ORDERED** that Defendants' Motion is **GRANTED**. For the reasons stated in my August 20, 2015 Order, Plaintiffs' Joinder of Additional Defendants (Doc. No. 15) is dismissed with prejudice. It is further **ORDERED** that the Clerk of Court shall close this case for statistical purposes.

          **AND IT IS SO ORDERED.**

          */s/ Paul S. Diamond*
          _____
          Paul S. Diamond, J.